# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WILLIAM SCOTT, ON HIS OWN
BEHAFF AND ALL SIMILARLY
SITUATED INDIVIDUALS,**

          **Plaintiffs,**

-vs-                                     **Case No.  6:11-cv-848-Orl-28DAB**

**A & Z GENERAL CLEANING SERVICES,
INC.,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   MOTION TO DISMISS COUNTERCLAIM (Doc. No. 11)**
>
> **FILED:      June 27, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff filed an action for alleged unpaid overtime compensation, pursuant to the Fair Labor Standards Act ("FLSA"). Defendant answered, and has filed a counterclaim (Doc. No. 10), which purports to seek damages under state law for alleged Tortious Interference with a Business Relationship. Defendant alleges that it had a business relationship with the Florida Department of Transportation ("DOT") and, during the course of his employment, Plaintiff made certain statements ("spoken ill and spread falsities") about Defendant to the DOT, which directly resulted in losing the

business relationship. *Id.* Defendant asserts that the Court has ancillary jurisdiction over this state law claim. Plaintiff disagrees and moves to dismiss. For the reasons set forth below, the Court **respectfully recommends** that the motion be **granted** and the counterclaim be **dismissed.**

## Issues and Analysis

It is undisputed that the Court has federal question jurisdiction over Plaintiff's FLSA claim. *See* 28 U.S.C. § 1331. It is similarly agreed that the counterclaim is only properly before this Court if it falls under the supplemental jurisdiction of 28 U.S.C. § 1367, as no grounds for independent jurisdiction have been shown. Defendant asserts that its counterclaim for tortious interference is a compulsory counterclaim under Federal Rule 13, or, alternatively, should be allowed as a permissive counterclaim. Upon review, the Court finds that the counterclaim does not fall within the confines of Section 1367, and should therefore be dismissed.

As the Court has federal jurisdiction over Plaintiff's FLSA claim, it has supplemental jurisdiction over state claims to the extent authorized by 28 U.S.C. § 1367, which provides for such jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). As explained by another division of this Court in a similar case:

> Section 1367 "defines the permissible boundaries for the exercise of supplemental jurisdiction; that is, it delineates the power of the federal courts to hear supplemental claims and claims against supplemental parties." *Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1366 (11th Cir. 2010) (citation omitted).
>
> Section 1367(a) thus authorizes a district court to hear supplemental claims to the full extent allowed by the "case or controversy" standard of Article III of the Constitution. *Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 742-43 (11th Cir.2006), citing *Palmer v. Hosp. Auth.,* 22 F.3d 1559, 1566 (11th Cir.1994). The constitutional "case or controversy" standard, in turn, confers jurisdiction over all claims which arise out of a common nucleus of operative facts with the federal claim. *Parker,* 468 F.3d at 743

> *(citing Gibbs*, 383 U.S. at 725[1]; *Palmer,* 22 F.3d at 1563-64 (a federal court has the power under section 1367(a) to exercise pendent jurisdiction over state claims which arise from the same occurrence and involve the same or similar evidence)). A state cause of action which requires more proof than the federal claim is still within the court's supplemental jurisdiction if "both claims clearly arise from the same set of facts." *Milan Exp., Inc. v. Averitt Exp., Inc.*, 208 F.3d 975, 980 (11th Cir.2000); *Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Fla.*, 177 F.3d 1212, 1223-24 (11th Cir.1999).

*Yeseren v. Cksingh Corp.*, 2010 WL 4023524, 4 (M.D. Fla. Oct. 13, 2010) (finding counterclaim alleging employee theft and breach of loyalty was neither compulsory under Rule 13, Fed. R. Civ. Proc., nor did it arise out of a common nucleus of operative fact in an FLSA case – granting motion to dismiss).

"Courts automatically have supplemental jurisdiction over compulsory counterclaims." *James D. Hinson Elec. Contracting Co., Inc. v. Bellsouth Telecommunications, Inc.,* 2011 WL 2448911, 1 (M.D. Fla. Mar. 28, 2011), *citing Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, 2008 WL 3927265 (M.D. Fla. Aug. 21, 2008):

> Under Federal Rule of Civil Procedure 13(a), a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." The Eleventh Circuit has adopted the "logical relationship" test to determine if a counterclaim meets the requirements of Rule 13(a). *Republic Health Corp. v. Lifemark Hosps. of Fla.*, 755 F.2d 1453, 1455 (11th Cir.1985). "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (quotation omitted).

*Id.*

A permissive counterclaim is any counterclaim that is not compulsory. Federal Rule 13(b), Fed. R. Civ. Procedure. While there is a split in this circuit as to whether permissive counterclaims still require an independent jurisdictional basis, *compare Premium Leisure, LLC. v. Gulf Coast Spa*

---

[1]*United Mine Workers of America v. Gibbs,* 383 U.S. 715 (1966).

-3-

*Manufacturers, Inc.*, *supra,* (collecting cases-noting precedent for independent jurisdictional basis) with *Yeseren, supra,* (finding a counterclaim's status as compulsory or permissive no longer determinative of jurisdiction), the appropriate focus remains on whether the counterclaim satisfies the requirements of Section 1367. In determining whether state law claims "are so related" to a federal claim under 28 U.S.C. § 1367, courts examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.,* 90 F.3d 451, 455 (11th Cir.1996).

Applied here, the counterclaim does not meed this standard in that it does not arise out of the same common nucleus of operative facts as the FLSA claim, nor does it involve similar occurrences, witnesses or evidence. The evidence and testimony needed to establish the FLSA claim differs substantially from that needed to establish a tortious interference claim. Indeed, the crux of the counterclaim is allegedly disparaging communication with a third party. Such is not pertinent to whether or not Defendant employer has an obligation under FLSA to pay overtime to its employees, the number of hours worked, the rate, or any other relevant showing required under the Act. *See Carvalho v. Door Pack, Inc.,* 565 F. Supp. 2d 1340, 1341 (S.D. Fla. 2008) (counterclaim for tortious interference dismissed as "entirely distinct from the facts underlying Plaintiff's FLSA claim."). As such, the counterclaim is not part of the same case or controversy and the Court lacks subject matter jurisdiction over it.[2]

For the foregoing reasons, it is **respectfully recommended** that the motion to dismiss be **granted.**

---

[2] Although not briefed by the parties, the Court notes that even if the Court had supplemental jurisdiction over the counterclaim, it should decline to exercise it, as the counterclaim would likely substantially predominate over the FLSA claim. *See* 28 U.S.C. §1367(c)(2).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 18, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy