# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WILLIAM SCOTT, ON HIS OWN
BEHALF AND ALL SIMILARLY
SITUATED INDIVIDUALS,

        **Plaintiffs,**

-vs-                             **Case No.  6:11-cv-848-Orl-28DAB**

A & Z GENERAL CLEANING SERVICES,
INC.,

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT AND FOR DISMISSAL OF ACTION (Doc. No. 38)** |
| **FILED:** | **May 23, 2012** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Following a settlement in this Fair Labor Standards Act ("FLSA") case, the parties filed the instant motion, referred to the undersigned for a fairness review. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed

settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applied here, Plaintiff worked as a maintenance worker at rest stops on the Interstate highway. Plaintiff alleged that Defendant automatically deducted an hour for a break that he never took. In addition, he believed that in the last few months of his employment, when he was working as many as 56 hours in a week, he was improperly compensated. Plaintiff filed Interrogatories claiming that he was owed $3,408.70 in unpaid wages (Doc. No. 32). Defendant denied the allegations, asserting that Plaintiff had been properly compensated, that the company had taken all necessary steps to comply with the law, and that no compensation was due. Discovery commenced, and the parties attended an unsuccessful mediation. Following mediation, however, the parties were able to reach a settlement. Under the terms of the agreement, which includes a payment plan, Plaintiff is to receive $3,408.70 in unpaid wages and it was separately agreed that counsel would be paid $8,000.00 in attorneys' fees and costs. The parties assert that the settlement is fair and reasonable and, upon review, the Court agrees.[1]

---

[1]Although the settlement does not provide for liquidated damages, Plaintiff will receive all disputed wages in full. In view of the defense presented by Defendant, entitlement to liquidated damages was far from certain. A compromise was reasonable here.

As for the attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed. Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

With respect to the $8,000 in attorney's fees here, the parties represent that the amount was negotiated separately from Plaintiff's recovery, and should be approved pursuant to *Bonetti v. Embarq Mgmt.Co*., Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). While *Bonetti* is not binding on all of the courts in this district, the Court concludes that the fees are reasonable in view of the amount of work reflected in the file[2] and the reduction of actual fees and costs incurred.[3]   As long as counsel does not seek to recover anything further from Plaintiff, the recovery is not compromised by the fee agreement and the Court sees no reason to review it further.

For the reasons stated, the Court finds the settlement to be a fair and reasonable resolution of bona fide FLSA issues and therefore **recommends** that the motion be **granted, and the settlement be approved as to the terms stated in the motion**, and that the complaint be dismissed, as requested.

---

[2]In addition to successful motion to dismiss the counterclaim, the parties represent that depositions were taken, as well as written discovery, and the parties attended a mediation and informal negotiations.

[3]Counsel represents that the firm incurred almost $12,000 in time and costs relating to the case.  Although counsel has not tendered time sheets to itemize this assertion, the Court notes that the case was actively litigated for a year before settlement.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 6, 2012.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy